SCHOOL DISTRICT No. 12 OF GRANT COUNTY *v.* SCHOOL DISTRICT No. 37 OF SHERIDAN.

4-3572

Opinion delivered July 9, 1934.

*Isaac McClellan* and *S. J. Reed,* for appellant.

*D. M. Halbert,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Grant County dissolving School District No. 12 and annexing the territory contained therein to Special School District No. 37.

A petition for the purpose of consolidating the districts was filed with the county examiner in September, 1933. The county judge, J. W. Lybrand, who was a member of the board of directors of said District No. 37, certified his disqualification to hear and try the cause to the Governor on October 9, 1933; and on the 6th day of November, 1933, T. Nathan Nall, an attorney at Sheridan, was appointed and commissioned as special county judge of said county to hear and determine the cause. On application, a writ of prohibition was granted by Hon. Thomas E. Toler, judge of the circuit court, preventing the special county judge from trying the cause for the reason that proper notice had not been given of the date set for hearing and that the petition had been filed with the county examiner instead of with the county clerk.

On January 1, 1934, a new petition for the consolidation of said districts was filed with the county clerk, and on May 10, 1934, the special county judge, assuming to act under his appointment and commission to hear and determine the petition filed in September, 1933, heard the new petition filed on January 1, 1934, which trial resulted in a judgment dissolving District No. 12 and annexing the territory contained therein to Special School District No. 37.

The board of directors of District No. 12 duly appealed the case to the circuit court. The circuit court affirmed the judgment of the county court, and said board has appealed from the judgment of affirmance to this court.

There is no authority in the law for a special county judge appointed and commissioned to try a particular cause of action to hear and determine a separate and independent cause of action filed after his appointment.

There was no connection between the first and the last petitions filed except that they were both filed for the same purpose. The first was filed with the county examiner and the last was filed with the county clerk. The special judge was prohibited by the circuit court from hearing and determining the first petition. The special county judge was not appointed and commissioned to try the petition filed January 1, 1934. He had no authority to try the cause, and, he being without jurisdiction to do so, the circuit court acquired no jurisdiction to try it on appeal.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to the circuit court to remand the cause of action to the county court.